UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

---

BENSHOT, LLC, a Wisconsin Limited
Liability Company,

    Plaintiff,

v.                                    Case No.: 1:25-cv-390

BML REC, LLC, a Nebraska Limited
Liability Company,

    Defendant.

---

## COMPLAINT

Plaintiff BenShot, LLC, a Wisconsin Limited Liability Company ("BenShot"), by its attorneys, as and for its Complaint against Defendants BML REC, LLC, a Nebraska Limited Liability Company ("BigMouth"), allege as follows:

1. This is an action for infringement of BenShot's United States Design Patent No. D859,082 under the Patent Act, 35 U.S.C. § 271, based on BigMouth's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Mulligan Beer Glass and Hole in One Beer Glass in the United States.

### JURISDICTION

2. This court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

3. Personal jurisdiction over BigMouth is proper in this District because it has derived substantial revenue from the sales of the Mulligan Beer Glass and/or Hole in One Beer Glass in Wisconsin, and it conducts business in this judicial district through purposeful, continuous, and systematic contacts, including by offering to sell, selling, and promoting the products which are subject to the claims alleged below.

**VENUE**

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b) because BigMouth is subject to personal jurisdiction in this judicial district and a substantial part of the events giving rise to BenShot's claims occurred in this judicial district.

**PARTIES**

5. BenShot is a family-owned business in Appleton, Wisconsin, and has manufactured and sold unique drinking glass designs since 2015 with an emphasis on providing products made in the USA and creating sustainable jobs in the local community.

6. In 2017 BenShot invented and started selling a drinking glass design comprising a golf ball embedded in the side of a drinking glass via an indentation in the glass and shown by the representative examples below.



7. BenShot obtained United States Design Patent No. D859,082 on the design and within a short period of time BenShot's unique design became extremely popular throughout the United States.

8. Upon information and belief, BigMouth is a limited liability company is formed under the laws of Nebraska with a principal business address of 14301 FNB Parkway Suite 100, Omaha, Nebraska 68154.

9. Upon information and belief, BigMouth owns and controls the website located at URL: bigmouthinc.com and has sold or does sell / offer for sale the Hole in One Beer Glass to consumers through this website.

10. Upon information and belief, BigMouth has sold or does sell / offer for sale the Mulligan Beer Glass to businesses in the United States for resale to consumers.

**FACTS**
**The Asserted Design Patent**

11. United States Design Patent Number D859,082 ("**Sphere Device**"), entitled Sphere Device, was duly and legally issued on September 10, 2019, and names Ben Wolfgram as the inventor and BenShot as the applicant. Attached as Exhibit 1 is a true and correct copy of Sphere Device.

12. The Sphere Device claims the ornamental design for a sphere device as shown and described in the patent.

13. BenShot is the owner and assignee of the entire right, title, and interest in the Sphere Device.

**The Accused Product**

14. BigMouth has and continues to make, and use, and sell, and offer for sale Mulligan Beer Glass in the United States and import Mulligan Beer Glass into the United States. As shown below, Mulligan Beer Glass includes key features from/is the same as the design claimed in the Sphere Device.

| Sphere Device | Mulligan Beer Glass |
|---|---|
| FIG. 1 | |

15. An ordinary observer or purchaser would find the overall design of the Sphere Device and the Mulligan Beer Glass substantially similar and mistakenly purchase the Mulligan Beer Glass.

16. BigMouth has known of the existence of the Sphere Device since at least May 14, 2024, when BenShot sent a cease and desist letter to BigMouth regarding infringement of the Sphere Device. A copy of the letter sent is attached as Exhibit 2.

17. No response was received from BigMouth in regard to the May 14, 2024, letter.

18. On information and belief, BigMouth was aware of Sphere Device prior to May 14, 2024.

19. BigMouth sells, offers for sale, and has sold the Mulligan Beer Glass to at least one third party, Kohl's Inc., which sells the product in their retail stores and through their website, kohls.com. A printout of a listing on kohls.com made on March 4, 2025, offering the Mulligan Beer Glass for sale is attached as Exhibit 3 and pictures of the Mulligan Beer Glass offered for sale at a Kohl's department store in Appleton, Wisconsin taken on March 6, 2025, is shown below.



20. BigMouth's willful acts have irreparably injured BenShot.

On information and belief, BigMouth has and continues to make, and use, and sell, and offer for sale Hole in One Beer Glass in the United States and import Hole in One Beer Glass into the United States. As shown below, Hole in One Beer Glass includes key features from/is the same as the design claimed in the Sphere Device.



| **Sphere Device** | **Hole in One Beer Glass** |
|---|---|

21. As stated above, BigMouth has known of the existence of the Sphere Device since at least May 14, 2024, when BenShot sent a cease and desist letter to BigMouth. A copy of the letter sent is attached as Exhibit 2.

22. No response was received from BigMouth in regard to the May 14, 2024, letter.

23. On information and belief, BigMouth was aware of Sphere Device prior to May 14, 2024.

24. BigMouth sells, offers for sale, and has sold the Hole in One Beer Glass through at least bigmouthinc.com. A printout of a listing on bigmouthinc.com on August 15, 2024, and accessed March 4, 2025, offering the Hole in One Beer Glass for sale is attached as Exhibit 4.

25. BigMouth's willful acts have irreparably injured BenShot.

## COUNT ONE (Patent Infringement)

26. BenShot repeats and realleges paragraphs 1 through 25 hereof, as if fully set forth herein.

27. BigMouth has been and is infringing the Sphere Device by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, Mulligan Beer Glass and/or Hole in One Beer Glass in violation of 35 U.S.C. § 271(a).

28. BigMouth has been and is inducing infringement of the Sphere Device by actively and knowingly inducing others to make, use, sell, offer for sale, or import the Mulligan Beer Glass and/or Hole in One Beer Glass that embodies or uses the invention claimed in the Sphere Device in violation of 35 U.S.C. § 271(b).

29. BigMouths's infringement has been and continues to be knowing, intentional, and willful.

30. BigMouth's acts of infringement of the Sphere Device have caused and will continue to cause BenShot damages for which BenShot is entitled to compensation pursuant to 35 U.S.C. §§ 284 or 289.

31. BigMouth's acts of infringement of the Sphere Device have caused and will continue to cause BenShot immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. BenShot has no adequate remedy at law.

32. This case is exceptional and, therefore, BenShot is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

## JURY DEMAND

BenShot demands a trial by jury on all issues triable by a jury.

## REQUEST FOR RELIEF

**WHEREFORE**, BenShot requests judgment against BigMouth as follows:

33. Adjudging that BigMouth has infringed / and actively induced infringement of the Sphere Device in violation of 35 U.S.C. § 271(a) and 35 U.S.C. § 271(b);

34. Granting an injunction and permanently enjoining BigMouth, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities, from infringing, contributing to the infringement of, or inducing infringement of the Sphere Device;

35. Directing that BigMouth recall from all distributors, retailers, or other recipients any and all infringing products sold or distributed by BigMouth and, upon recall, to deliver such goods up to BenShot's counsel for destruction or donation at BigMouth's costs;

36. Ordering BigMouth to account and pay damages adequate to compensate BenShot for BigMouths's infringement of Sphere Device, including for any infringing acts not presented at trial and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

37. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

38. Awarding BenShot BigMouth's profits pursuant to 35 U.S.C. § 289;

39. Declaring this case exceptional and awarding BenShot its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

40. An order requiring BigMouth to pay BenShot punitive damages in an amount as yet undetermined caused by the foregoing acts of BigMouth; and

41. Awarding such other and further relief as this Court deems just and proper.

Dated this 14th day of March 2025.

Respectfully submitted,

By   /s John M. Osmanski

John M. Osmanski
State Bar No. 1070386

THEOREM LAW, LLC
361 Fall Rd. #637
Grafton, WI 53024
Tel. 262-404-7026
E-mail: John@TheoremIP.com

Attorneys for Plaintiff,
BenShot, LLC

9